STOKER, Judge.
This is an appeal from a trial court ruling denying a change of custody sought by the father of two children.
Macy Dennis, the father of the two children, filed a rule to show cause why sole custody should not be granted to him or, alternatively, why joint custody should not be granted, with physical custody given to him, and the mother given reasonable visitation. The case was tried on November 21, 1983. At the time of trial the two children, twin girls, were eleven years old.
The trial judge, after hearing the evidence and ordering a home study by the Department of Health and Human Resources, awarded joint custody, with the mother having physical custody of the girls during the school year and the father having physical custody during the summer months.
The father appeals this ruling and makes two assignments of error:
“1) The Lower Court clearly erred in failing to award sole custody of the two (2) minor children, age eleven (11), unto Appellant-father, who is the custodian of the minor son, age fourteen (14).
2) Only in the event that this Honorable Court would hold joint custody to be appropriate herein, then and only then, Appellant-father avers that the Lower Court clearly erred in the implementation of the joint custody award with respect to Code of Civil Procedure Article 146, in that he should have clearly been awarded the physical possession of the minor children subject to reasonable and/or specific times of possession unto Appellee-wife.”
Macy Dennis and Elaine Melancon were divorced in 1978, and custody of their three children was granted to Elaine, with visitation rights granted to Macy for the first three weekends of every month. In 1980, custody of the oldest child, David Stewart Lawrence Dennis, was transferred to Macy.
In September, 1983, Macy filed this rule to show cause why the custody of Ann Kathryn Dennis and Mary Margaret Dennis should not be changed to his sole custody or, alternatively, to joint custody with physical custody of the children with him. He contends it is in the best interest of the children that they be removed from the custody of their mother. He makes several arguments why it is in the best interest of the children to remove them from their mother’s custody.
Elaine Melancon has a history of prescription drug dependency. At the time of trial she had not taken any mood-altering drugs for six and a half months, that is, since May 2, 1983. Six or seven months before trial she began a treatment program at the Opelousas Foundation, a mental health and substance abuse treatment facility. She was still in the program at the time of trial. Prior to her treatment she took the prescription drug Tranzene for six or seven years.
During the time she was on Tranzene she had emotional problems, such as fear and hysteria. She has altered the way she disciplines her children since she stopped taking the drug. She admits that she slapped Mary Margaret across the face once and yanked at her hair two or three *1094 times. She has screamed and yelled and cursed at the children. She has put the children in the bathroom with the light off, but stated she had not done so in the last two or three years before trial. She testified that she has done none of those things since she stopped Tranzene, but she has raised her voice at the children and punishes them when they need to be punished.
Mr. Dennis objects to the way the girls are spanked by their mother. She has them bend over and touch their ankles and spanks them with a belt. Mary Margaret testified that her mother makes her drop her pants and spanks her ten times. If she lets go of her ankles, she is spanked ten more times. Elaine said she does not recall making them drop their pants, and that she spanks them two or four times.
Elaine testified that she put the children in the bathroom because she was told by a psychologist to put them in a place where it is not stimulating and isolates them from the rest of the family. She stated that the door was left open although the girls testified otherwise.
Mr. Dennis also objects to the girls being left alone at home from 3:30 p.m. when they got home from school until 5:30 p.m. when Elaine gets home from work. He objects to her leaving the children by themselves while she goes to the Opelousas Foundation on Monday nights. The children started staying with him while their mother is at the Opelousas Foundation. Macy has remarried and his new wife stated that she would quit working and stay home with the children if Macy had custody of them.
Macy argues that all three children should live together in one home. Dr. Jimmy Cole, a Ph.D. in psychology, testified that it would be more normal and healthy for all three children to be together.
Both girls testified that they wanted to live with their father.
The trial judge stated his reasons for the judgment in a minute entry on January 13, 1984. He stated:
“The law is clear that joint custody is to be preferred over the granting of sole custody. Also, this Court believes that a meaningful relationship between young female children and their natural mother is a most important part of their growing up. Some degree of continuity of togetherness is necessary to achieve this type of relationship.”
The Supreme Court stated in Turner v. Turner, 455 So.2d 1374 (La.1984):
“The appropriate standard to be applied by the trial court in determining the custody of a child of a dissolved marriage is that of the ‘best interest of the child.’ This standard is repeated throughout article 146, and is the sole criterion to be met in making the award.
“The trial judge sits as a sort of fiduciary on behalf of the child, and must pursue actively that course of conduct which will be of greatest benefit to the child. It is the child’s emotional, physical, material and social well-being and health which are the judge’s very purpose in child custody cases. He must protect the child from the harsh realities of the parents’ often bitter, vengeful, and typically highly emotional conflict. The legislature has mandated that the judge shall look only to the child’s interests.
“In furtherance of this important goal, the court has been vested with broad and independent powers. It may, for example, order that an investigation be conducted into the home lives of the parties, the psychological health of the child, or into any other factor which the judge deems to be important in his determination of the child’s best interest. C.C. 146(C)(3). In this way, the court can fulfill its obligation to the child.”
There is a rebuttable presumption that joint custody is in the best interest of the child. LSA-C.C. art. 146(C). The presumption may be rebutted by a showing that it is not in the best interest of the child.
Here the presumption in favor of joint custody has not been rebutted. Both *1095 parents have strong ties to the children. They have loved and cared for the children all their lives. While the mother’s conduct has not been exemplary in the past, she is now recovering from the problems with drugs and is better able to care for the children. While the parents would have no relationship were it not for the children, they have been able to arrange the girls’ visitation with their father in the past. We assume they will be able to arrange visitations and make other arrangements necessary for the children. They each shall have the right at all times to consult with the other, and be a party to all decisions affecting, the health, education and welfare of the children. The trial court did not err in refusing to grant sole custody to Macy Dennis.
The remaining question is whether the court erred in not awarding physical custody of the girls to their father. Elaine Melancon made no showing that it would be in the best interest of the girls to stay with her. She merely tried to defend herself against Macy’s allegations.
We disagree with the trial court that there should be a continuity of togetherness of the girls with their mother to achieve a meaningful relationship. The girls have a poor relationship with their mother now and do not want to live with her. Dr. Cole testified that Mary Margaret is having a great deal of difficulty and conflict with her mother, and Ann Kathryn is afraid that something is going to happen to her sister. He stated that the girls are in fear of their mother. We do not believe this is the kind of relationship that needs to be continued.
Dr. Cole testified that the methods of discipline used by Elaine would promote bad feelings by the girls toward their mother and, more importantly, would cause emotional problems in the girls if continued.
Dr. Cole further testified that not having all three children together in the same home is creating a stressful situation for the two girls. He stated it would be more normal and healthy for all three children to be together.
We find that the trial judge was clearly wrong in giving physical custody of the girls to their mother during the school year and to their father in the summer. We find that it is in the best interest of the children at this time that they spend most of their time in the physical custody of their father. The mother, Elaine Melancon, shall have the right of reasonable visitation with the children.
CONCLUSION
For the foregoing reasons the judgment of the trial court maintaining joint custody is affirmed. The judgment of the trial court providing for physical custody on a split basis is reversed. It is now ordered adjudged and decreed that the physical custody of Mary Margaret Dennis and Ann Kathryn Dennis be and it is hereby awarded to Macy Dennis as sole physical custody. It is further ordered, adjudged and decreed that the mother, Elaine Melancon, be afforded reasonable visitation rights to be determined by the trial court in the event that the parties are unable to agree upon visitation rights.
The costs of these proceedings shall be assessed one-half to each party.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.